UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR BELL et al.,

           Plaintiffs,           Case No. 1:07-cv-944

v.                                        Honorable Robert J. Jonker

ERIC B. RESTUCCIA et al.,

           Defendants.

_____/

**ORDER**

This is a civil rights action brought by two state prisoners pursuant to 42 U.S.C. § 1983. The following motions are pending before the Court: (1) Plaintiffs' motion for appointment of counsel (docket #10); (2) Plaintiffs' "Motion to Amend [their] 42 U.S.C. § 1983 Civil Action pursuant to Motion for Exempt Status of M.D.O.C. Grievance Procedure Based on Extraordinary Circumstances, 42 U.S.C. § 1985(2)" (docket #15); and (3) Plaintiff Frederickson's "Emergency Motion for Stop Order pursuant to Threat of Retaliatory Transfer" (docket #17). For the reasons set forth below, Plaintiffs' motions will be denied.

        I.        **Motion for Appointment of Counsel**

Plaintiffs have requested a court-appointed attorney. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296

(1989). Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiffs' position. Accordingly, Plaintiffs' request for appointment of counsel will be denied.

II. **"Motion to Amend His 42 U.S.C. § 1983 Civil Action pursuant to Motion for Exempt Status of M.D.O.C. Grievance Procedure Based on Extraodinary Circumstances, 42 U.S.C. § 1985(2)"**

Plaintiffs do not bring a motion to amend the complaint pursuant to FED. R. CIV. P. 15. Rather, Plaintiffs essentially argue in their motion that the exhaustion requirement set forth in 42 U.S.C. § 1997e(a) should be waived in this case because Defendants have conspired to violate his federal rights. He contends that "no official state procedure or agency can be trusted to wilfully uphold the law." (Mot. to Amend, 6.) Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The Supreme Court recently held that "the failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). Consequently, Defendants have the burden to plead and prove that Plaintiff failed to exhaust his available administrative remedies. *Id.* at 919-22. Defendants have not yet had an opportunity to raise the issue of exhaustion. If Defendants raise the issue of exhaustion, Plaintiffs will have an opportunity to respond. Because Plaintiffs' motion is premature, it will be denied.

III.     **"Emergency Motion for Stop Order pursuant to Threat of Retaliatory Transfer"**

In his motion, Plaintiff Frederickson appears to seek an order from the Court enjoining the Michigan Department of Corrections (MDOC) from transferring him to another facility while this action is pending. Plaintiff has no constitutional right to any particular placement or security classification. "[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State." *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). While a transfer to another facility may constitute adverse action for purposes of a retaliation claim, Plaintiff's request for relief is wholly speculative. Plaintiff's fear that he may be transferred in retaliation for litigating this case, is not a sufficient basis for this Court to interfere with the MDOC's management of the prison population. If Plaintiff is transferred as the result of retaliatory animus, he may raise a claim of retaliatory transfer at that time. Therefore:

IT IS ORDERED that Plaintiffs' motion for appointment of counsel (docket #10) is DENIED.

IT IS ORDERED that Plaintiffs' "Motion to Amend [their] 42 U.S.C. § 1983 Civil Action" pursuant to Motion for Exempt Status of M.D.O.C. Grievance Procedure Based on Extraordinary Circumstances, 42 U.S.C. § 1985(2)" (docket #15) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Frederickson's "Emergency Motion for Stop Order pursuant to Threat of Retaliatory Transfer" (docket #17) is DENIED.


Dated:  November 29, 2007                    /s/ Hugh W. Brenneman, Jr.
                                             HUGH W. BRENNEMAN, JR.
                                             United States Magistrate Judge