UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR BELL and
RONNIE FREDERICKSON, III,

        Plaintiffs,

Case No. 1:07-cv-944

Hon. Robert J. Jonker

v.

ERIC B. RESTUCCIA, C. STAHLY,
and JOHN DOE ("OFFICER
AHO CLOCK NO. 174")

        Defendants.
_____/

## ORDER

This is a civil rights action brought by state prisoners pursuant to 42 U.S.C. § 1983. This matter is now before the court on the following motions: plaintiffs' "motion to amend original brief in support of plaintiff's motion for appointment of counsel" (docket no. 20); plaintiffs' "motion for reconsideration" (docket no. 26); "Motion for leave to amend plaintiff's [sic] response to defendant's motion to dismiss for lack of jurisdiction" (docket no. 46); and, "Plaintiff's [sic] motion to supplement response to defendants Restuccia's motion to dismiss for failure of complaint to state a claim upon which relief may be granted" (docket no. 56).

      **1.**      **Plaintiffs' "motion to amend original brief"**

Plaintiffs' have filed two motions for appointment of counsel in this matter, both of which the court denied. *See* Orders (Nov. 29, 2007 and April 24, 2008) (docket nos. 22 and 55). While the present motion is entitled a "motion to amend original brief," it is in reality another

motion for appointment of counsel. For the reasons stated in the previous orders denying appointment of counsel, plaintiffs' "motion to amend original brief" (docket no. 20) is **DENIED**.

### 2. Motion for reconsideration

Next, plaintiffs seek reconsideration of the court's November 29, 2007 order (docket no. 22) which denied three motions: plaintiffs' motion for appointment of counsel (docket no. 10); plaintiffs' "Motion to Amend [their] 42 U.S.C. § 1983 Civil Action pursuant to Exempt Status of M.D.O.C. Grievance Procedure Based on Extraordinary Circumstances, 42 U.S.C. § 1985(2) (docket no. 15);" and, plaintiff Frederickson's "Emergency Motion for Stop Order pursuant to Threat of Retaliatory Transfer" (docket no. 17).

In reviewing requests for reconsideration, the court is guided by the local court rule regarding motions for reconsideration, which provides:

> Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from the correction thereof.

W.D. Mich. LCivR 7.4(a). A defect is palpable if it is easily perceptible, plain, obvious, readily visible, noticeable, patent, distinct or manifest. *See Compuware Corp. v. Serena Software International, Inc.*, 77 F. Supp.2d 816, 819 (E.D. Mich. 1999).

In their motion for reconsideration, plaintiffs assert: that the denial of an appointed attorney will deny them due process; that they should be exempt from the Michigan Department of Corrections' grievance procedures because of extraordinary circumstances; and, that the court should prevent the possible retaliatory transfer of plaintiff Ronnie Frederickson. These assertions, which essentially restate plaintiffs' positions as set forth in the original motions, fail to demonstrate

any palpable defect in the court's November 29, 2007 order. Accordingly, plaintiffs' motion for reconsideration (docket no. 26) is **DENIED**.

### 3. Motions to file additional responses

On January 28, 2008, defendant Restuccia filed a motion to dismiss plaintiffs' complaint. From February through May 2008, plaintiffs filed six documents in opposition to this motion: two responses to the motion to dismiss (docket nos. 43 and 44); a "Motion for leave to amend plaintiff's response to defendant's motion to dismiss for lack of jurisdiction" (docket no. 46); "Plaintiff's response to defendant Eric B. Restuccia's reply brief" (docket no. 50); "Plaintiff's motion to supplement response to defendants Restuccia's motion to dismiss for failure of complaint to state a claim upon which relief may be granted" (docket no. 56); and, a response styled "Plaintiff's [sic] motion in-opposition to defendant Restuccia's motion to dismiss and subsequent request for an evidentiary hearing/jury trial" (docket no. 59).

Pro se litigants such as plaintiffs "are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991). However, pro se litigants are not entitled to special consideration with respect to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer. *Id.* at 109-10. In other words, "[p]ro se litigants are required to follow the rules of civil procedure and easily-understood Court deadlines." *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999).

Under the local court rules, "[a]ny party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion file a responsive brief and any supporting

materials." W.D. Mich. LCivR 7.2(c).  Plaintiffs' first two responses (docket nos. 43 and 44) were timely and fell within the 25-page limit for a responsive brief.  *See* W.D. Mich. LCivR 7.2(b).  The court will allow these two simultaneously filed responses to serve as plaintiffs' "response" to the motion to dismiss pursuant to W.D. Mich. LCivR 7.2(c).  However, plaintiffs are not entitled to file unlimited responses and replies months after defendant filed the motion to dismiss.  The court will not allow plaintiffs to perpetuate these proceedings by filing unauthorized additional responses, which are untimely, redundant and raise issues not alleged in the complaint.

Accordingly, the "Motion for leave to amend plaintiff's response to defendant's motion to dismiss for lack of jurisdiction" (docket no. 46) and "Plaintiff's motion to supplement response to defendants Restuccia's motion to dismiss for failure of complaint to state a claim upon which relief may be granted" (docket no. 56) are **DENIED**.

In addition, the Clerk shall **STRIKE** both "Plaintiff's response to defendant Eric B. Restuccia's reply brief" (docket no. 50) and "Plaintiff's [sic] motion in-opposition to defendant Restuccia's motion to dismiss and subsequent request for an evidentiary hearing/jury trial" (docket no. 59) as improperly filed in this court.

**IT IS SO ORDERED.**


Dated:  August 8, 2008                              /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge