UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR BELL and
RONNIE FREDERICKSON, III,

               Plaintiffs,

Case No. 1:07-cv-944

Hon. Robert J. Jonker

v.

ERIC B. RESTUCCIA, C. STAHLY,
and JOHN DOE ("OFFICER
AHO CLOCK NO. 174")

               Defendants.

_____/

**REPORT AND RECOMMENDATION**

      This is a civil rights action brought by two state prisoners pursuant to 42 U.S.C. § 1983.[1]  This matter is now before the court on defendant Stahly's motion for summary judgment (docket no. 34) and defendant Restuccia's motion to dismiss (docket no. 39).

**I.      Background**

      Plaintiff Bell alleges that on July 2, 2007, non-party Officer Knebl was ordered by defendant Stahly to shake him down for excessive property.  The shakedown resulted in the removal of contraband legal documents pending a hearing.  At an administrative hearing held on July 30, 2007, the hearing officer ordered the return of some of the legal documents.  Bell alleges that the shakedown and administrative hearing "was all a result" of his inquiry into the whereabouts of an

_____

[1] The court notes that plaintiffs originally filed this civil rights action in the Eastern District.  On September 24, 2007, that court transferred the civil rights action to the Western District after determining that this is the district where the claims arose and the defendants reside.  *See* docket no. 3-2.

affidavit related to his telephone conversation with defendant Michigan Assistant Attorney General Eric B. Restuccia, an attorney opposing him in petitioner's habeas action, which is being heard in a different district.  *Bell v. Howes*, 2:06-cv-15086 (E.D. Mich.).    Bell states that affidavit is important because he can prove that Restuccia spoke with him about an "extension of time" to file an answer in the habeas action.   In addition, Bell alleges that "the person who has been keeping my notes and some of my legal documents" stated that Bell and co-plaintiff Frederickson are having a homosexual relationship and that "Officer AHO Clock No. 174" is retaliating against Frederickson for helping Bell obtain his legal documents.

## II.    Defendant Stahly's motion for summary judgment

### A.    Standard of Review

Plaintiffs seek relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws.  *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984);  *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996).  To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B.     Plaintiffs have failed to exhaust administrative remedies

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' " *Jones*, 127 S.Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003),[2] sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. An inmate must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, e.g., the regional health administrator for a medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II

---

[2]The MDOC amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances

on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and

staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of

filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days

unless an extension has been approved ...." *Id.* In addition, the grievance policy provides that, where

the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step

III. *Id.* at ¶ S. In such instances, the grievance must be filed within the time limits prescribed for

filing grievances at Step I. *Id.*

> Defendant Stahly seeks summary judgment on the ground that plaintiffs claims

against her are unexhausted.  In support of her motion, Stahly has provided a copy of a "grievance

inquiry" from the Michigan Department of Corrections (MDOC).  The grievance inquiry reflects

that plaintiff Frederickson has never filed a grievance at the MDOC and that plaintiff Bell has not

filed a grievance since 2004, some three years prior to the shakedown in July 2007.  *See* Exhs. A and

B attached to defendant Stahly's brief.  In response, plaintiffs do not present any evidence to

demonstrate exhaustion of administrative remedies against defendant Stahly.  Rather, they ask the

court to "waive any grievance procedures" and consider plaintiffs' other actions (e.g., writing a letter

to the federal court and attempting to contact the warden) as constituting exhaustion.  Plaintiffs'

Response at 5.  The court has no discretion to waive the exhaustion requirement.  *Bryant v. Rich*, --

F.3d --, 2008 WL 2469405 at *2 (11th Cir. June 20, 2008); *Brock v. Kenton County, KY*, 93 Fed.

Appx. 793, 799 (6th Cir. 2004).  Proper exhaustion requires compliance with the agency's deadlines

and other critical procedural rules.  *Jones*, 127 S.Ct. at 922-23; *Woodford*, 548 U.S. at 90-91.  Here,

neither plaintiff properly exhausted a claim against defendant Stahly as required under the MDOC

Policy Directives.  In fact, neither party even filed a Step I grievance against Stahly.  Accordingly, defendant Stahly's motion for summary judgment (docket no. 34) should be granted.

### IV.    Defendant Restuccia's motion to dismiss

Defendant Restuccia moves to dismiss plaintiffs' claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  The court concludes that dismissal is appropriate.  "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citations omitted).  "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir.2005).  In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  These factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens*, 500 F.3d at 527 (citations omitted).  The plaintiff's obligation to provide the grounds of his entitlement to relief  requires more than labels, conclusions or a formulaic recitation of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1965 (2007).

While plaintiffs' complaint alleges a retaliation claim against defendants Stahly and Officer AHO, it does not allege similar wrongdoing by defendant Restuccia.  Rather, plaintiffs merely mention Restuccia's name as background for the alleged retaliation claims.  In their response to the motion to dismiss, plaintiffs expand their claims by asserting that defendant Restuccia made

a misrepresentation to the court in *Bell v. Howes* regarding Bell's agreement to an extension of time for respondent to file an answer to the habeas petition in that case. Bell states that he did not agree to an extension, that the court granted the extension based upon Restuccia's fraud, and that Restuccia is being sued for the following acts:

> (1) his perpetuating a fraud upon Federal Judges the Hon. Arthur J. Tarnow and R. Steven Whalen; (2) his foul [sic] to comply with the November 16, 2006 Court Order [requiring respondent to file an answer to the habeas petition and by February 13, 2007]; (3) his obstructing justice in concealing material Habeas Rule 5 and (4) his conspiratorial retaliation with Defendant C. Stahly and Officer Aho.

Plaintiffs' Response at 3 (docket no. 43).

In determining whether a complaint states a cause of action, pro se litigants "are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty to be "less stringent" does not require this court to conjure up unpleaded allegations. *Scheid v. Fanny Farmer Candy Shops*, 859 F.2d 434, 437 (6th Cir. l988); *McDonald v. Hall*, 610 F.2d 16, 19 (lst Cir. l979). Here, the complaint is fatally defective because plaintiffs do not allege any facts to support claims of fraud, failure to comply with a court order, obstruction of justice or conspiracy against defendant Restuccia. While this court will liberally construe plaintiffs' complaint, it does not have a duty to re-write the complaint to include these unpleaded allegations against defendant Restuccia. *Id.*

More importantly, and in the alternative, to the extent that plaintiff Bell's claims that defendant Restuccia engaged in some type of misconduct as the attorney representing the respondent in the pending habeas action in another district, *Bell v. Howes*, 2:06-cv-15086, such

7

claims must be dismissed on the basis of comity. "Under the principle of comity, a district court properly may dismiss a case because of a previously filed case pending before another district court that presents the same issues and involves the same parties." *Carter v. Bank One*, 179 Fed. Appx. 338, 340 (6th Cir. 2006). Indeed, here plaintiff asks this court to go one step further and, in effect, interject itself into another district court's trial proceedings. These are matters to be resolved in the Eastern District, and Bell has already pursued his claims against Restuccia as part of the pending habeas action. *See Bell v. Howes*, 2:06-cv-15086 ("Answer in opposition to respondent's telephone call motion for enlargement of time" (docket no. 8); "Answer in opposition to respondents motion to enlarge response time and brief in support" (docket no. 9); letter from plaintiff Bell regarding defendant Restuccia's request for an extension (docket no. 26); ("Order construing petitioner's letter as motion for reconsideration and requiring response" (docket no. 27);" "Motion for sanctions failure to comply with a court order" (docket no. 48); "Motion to amend original motion for sanctions" (docket no. 52); (Order "(1) Denying without prejudice petitioner's motion for sanctions, motion to amend/correct motion for sanctions, and motion to object to respondent's partial filing of Rule 5 materials, and (2) Granting petitioner's motion for additional time to file supplemental brief" (docket no. 56)). The record reflects that Bell's allegations against Restuccia have been addressed, and continue to be addressed, as part of the habeas action pending in the Eastern District. It is n part of this court's responsibility to oversee how another court of equal standing tries it case.

For these reasons, defendant Restuccia's motion to dismiss should be granted.

## V.       Recommendation

For the reasons set forth above, I respectfully recommend that defendant Stahly's motion for summary judgment (docket no. 34) be **GRANTED**, that defendant Restuccia's motion to dismiss (docket no. 39) be **GRANTED** and that these two defendants be dismissed from this action.


Dated:  August 14, 2008                              /s/ Hugh W. Brenneman, Jr.
                                                              HUGH W. BRENNEMAN, JR.
                                                              United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within eleven (11) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).