UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR BELL and
RONNIE FREDERICKSON, III,

    Plaintiffs,

v.

ERIC B. RESTUCCIA, C. STAHLY,
and JOHN DOE ("OFFICER AHO
CLOCK NO. 174"),

    Defendants.
_____/

CASE NO. 1:07-CV-944

HON. ROBERT J. JONKER

## ORDER

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 73) and Plaintiff Arthur Bell's Objection to the Partial Order Granting an Enlargement of Time to File Objection to the Report and Recommendation (docket # 100), which raises objections to the Report and Recommendation (docket # 73) as well as to the Partial Order (docket # 77).

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision,

> receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

Plaintiff objects first that the Report and Recommendation does not address Mr. Restuccia's argument that the Court lacks subject matter jurisdiction as to the claims against Mr. Restuccia in this matter. (*See* Plaintiff's Objection, docket # 78, at 2.) As the party bringing the case and asserting federal jurisdiction, Plaintiff is hardly in a position to complain about this. More importantly, the complaint alleges that all defendants, including Mr. Restuccia, acted contrary to federal law, (Compl., docket # 1, at 3.), and the Court has subject matter jurisdiction over federal questions. 28 U.S.C. § 1331. However, even under the less stringent pleading standards appropriate to pro se plaintiffs, *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the complaint utterly fails to state a claim against Defendant Restuccia for the reasons articulated in the Report and Recommendation. Accordingly, dismissal of claims against Defendant Restuccia is appropriate here.

Plaintiff's only other objection is that Magistrate Judge Brenneman gave him an insufficiently long extension of the time within which to lodge objections. On this record, Plaintiff's objection has no merit. There was no abuse of discretion in the timeline applied to

Plaintiff. The substantive basis for the recommended dismissal of claims against Defendant Stahly is failure to exhaust. This is a straightforward inquiry here. The grievance inquiry documentation Defendant Stahly submitted (Brief in Support of Def. Stahly's Mot. for Summ. J., docket # 35, Ex. A and B) reflects that neither Plaintiff filed grievances concerning the incidents giving rise to this lawsuit. Because Plaintiffs have not properly exhausted their claims against Defendant Stahly, summary judgment on the claims is appropriate. An extension of time cannot help Plaintiff with this substantive defect.

Although the Plaintiffs sought a greater enlargement of time in which to file objections to the Report and Recommendation, Magistrate Judge Brenneman did not abuse his discretion in granting a shorter extension. Further, as discussed above, additional time to object would not change the Court's analysis.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 73) is **APPROVED AND ADOPTED** as the opinion of the Court;

**IT IS FURTHER ORDERED** that Defendant Restuccia's Motion to Dismiss (docket # 39) is **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant C. Stahly's Motion for Summary Judgment (docket # 34) is **GRANTED**, and Defendant Stahly shall be dismissed from this case without prejudice.

Dated:   September 30, 2008           /s/ Robert J. Jonker
                                                      ROBERT J. JONKER
                                                      UNITED STATES DISTRICT JUDGE