UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ARTHUR BELL and
RONNIE FREDERICKSON, III,

        Case No. 1:07-cv-944

          Plaintiffs,

        Hon. Robert J. Jonker

v.

ERIC B. RESTUCCIA, C. STAHLY,
and JOHN DOE ("OFFICER
AHO CLOCK NO. 174")

          Defendants.

_____/

## ORDER

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on plaintiff Arthur Bell's motions "to incorporate Brian O. Neill as a defendant" (docket no. 62), "requesting contempt order" (docket no. 66), and "requesting assistance with locating witnesses" (docket no. 69), as well as defendant Assistant Attorney General Restuccia's "motion to strike or, alternatively, objections to plaintiff's Judicial Notice dated July 3, 2008" (docket no. 67).

### Plaintiff's motions for contempt order and for assistance locating witnesses

        These two motions relate seek relief in plaintiff's habeas corpus action pending in the Eastern District of Michigan, *Bell v. State of Michigan et al.*, No. 2:06-CV-15086.  These motions are not related to plaintiff's § 1983 action and have been improperly filed in this court. Accordingly,  plaintiff's motions for contempt order (docket no. 66) and for assistance locating witnesses (docket no. 69) are **DENIED**.

**Defendant Restuccia's motion to strike Judicial Notice**

In a document entitled "Judicial Notice," plaintiff refers to a July 2, 2008 scheduling conference held in the habeas action in which "the parties agreed in principle to seek concurrence for the transfer of the [§ 1983] lawsuit to the Eastern District." *See* docket no. 65. Defendant Restuccia has moved to strike this "Judicial Notice."

Plaintiffs filed this action in the Federal Court for the Eastern District of Michigan. After determining that venue was not appropriate, the Eastern District transferred this action the Western District on September 24, 2007. Nearly ten months later, on July 11, 2008, plaintiff Bell filed a "Judicial Notice" in both the § 1983 action pending in this district and the previously referenced habeas action pending in the Eastern District. *See* docket no. 65. Neither party has moved to transfer this action back to the Eastern District. The "Judicial Notice" serves no purpose in the § 1983 action pending in this district other than to obfuscate the docket sheet. Accordingly, defendant's motion to strike (docket no. 67) is **GRANTED**. The "Judicial Notice" (docket no. 65) is **STRICKEN** and removed from the record.

**Plaintiff's motion to add Brian O. Neill as a defendant**

Finally, plaintiff Bell seeks to add Assistant Attorney General Brian O. Neill as a defendant in this action. Assistant Attorney General Neill is currently representing the State of Michigan in plaintiff's habeas action, having substituted in for defendant Restuccia on February 27, 2008. *See Bell v. State of Michigan et al.*, No. 2:06-CV-15086 (docket no. 49). Plaintiff seeks to add Assistant Attorney General Neill as a defendant in this action for allegedly conspiring with defendant Restuccia "to commit fraud and acts of war against the court." *See* docket no. 62.

2

Fed. R. Civ. P. 15(a)(2) allows a party to amend its original pleading on leave of court, which the court "should freely give . . . when justice so requires."  However, justice does not require the court to grant leave to file a futile amendment.  *See Alexander v. Margolis*, 921 F. Supp. 482, 485 (W.D. Mich. 1995), *aff'd* 98 F. 3d 1341 (6th Cir. 1996) ( "[i]f the amendment will be futile . . . justice does not require the court to grant leave").  *See generally, Hahn v. Star Bank*, 190 F. 3d 708, 715-718 (6th Cir. 1999); *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 995-96 (6th Cir. 1994).   Here, plaintiff Bell's proposed amendment of the complaint to add conspiracy claims against Assistant Attorney General Neill should be denied as futile.  The court dismissed plaintiff Bell's complaint against defendant Restuccia, finding that plaintiff failed to state a claim against Restuccia for the alleged conspiracy.  *See* docket nos. 73, 79.  In reaching this determination, the court observed that plaintiff's allegations against defendant Restuccia have been addressed, and continue to be addressed, in the habeas action pending in the Eastern District.  *Id.* For these same reasons, the court concludes that plaintiff cannot state a claim for relief against Restuccia's alleged co-conspirator, Assistant Attorney General Neill.  Accordingly, plaintiff Bell's motion to amend the complaint (docket no. 62) is **DENIED**.

       **IT IS SO ORDERED.**

Dated:  December 3, 2008             /s/ Hugh W. Brenneman, Jr.
                                     HUGH W. BRENNEMAN, JR.
                                     United States Magistrate Judge