UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR BELL and
RONNIE FREDERICKSON, III,

        Plaintiffs,

v.

ERIC B. RESTUCCIA, C. STAHLY,
and JOHN DOE ("OFFICER
AHO CLOCK NO. 174")

        Defendants.
                                        /

Case No. 1:07-cv-944

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a civil rights action brought by two state prisoners pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendant Resident Unit Officer Aho's motion for summary judgment (docket no. 96).

**I.  Background**

Plaintiff Bell alleges that on July 2, 2007, non-party Officer Knebl was ordered by defendant Stahly to shake him down for excessive property. The shakedown resulted in the removal of contraband legal documents pending a hearing. At an administrative hearing held on July 30, 2007, the hearing officer ordered the return of some of the legal documents. Bell alleges that the shakedown and administrative hearing "was all a result" of his inquiry into the whereabouts of an affidavit related to his telephone conversation with defendant Michigan Assistant Attorney General Eric B. Restuccia, an attorney opposing him in petitioner's habeas action, which is being heard in a different district. *Bell v. Howes*, 2:06-cv-15086 (E.D. Mich.). Bell states that the affidavit is

important because he can prove that Restuccia spoke with him about an "extension of time" to file an answer in the habeas action. Bell also alleges that "the person who has been keeping my notes and some of my legal documents" stated that Bell and co-plaintiff Frederickson are having a homosexual relationship and that "Officer AHO Clock No. 174" is retaliating against Frederickson for helping Bell obtain his legal documents. The retaliation by Officer Aho apparently involved the issuance of a minor misconduct ticket and the confiscation of contraband (i.e., a safety pin).

## II.     Standard of Review

Plaintiffs seek relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support

>plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### III.     Plaintiffs have failed to exhaust administrative remedies

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' " *Jones*, 127 S.Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1] sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. An inmate must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral

---

[1] The MDOC amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

3

resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, e.g., the regional health administrator for a medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved ...." *Id.* In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step

4

III. *Id.* at ¶ S. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

Officer Aho seeks summary judgment on the ground that plaintiffs claims against him are unexhausted. The court previously granted co-defendant Stahly's motion for summary judgment for lack of exhaustion, because neither plaintiff filed a grievance regarding the matters alleged in this action. *See* Report and Recommendation (Aug. 13, 2008) and Order adopting the Report and Recommendation (Sept. 30, 2008) (docket nos. 73 and 79). In addressing Stahly's motion, the court has previously observed that a "grievance inquiry" from the Michigan Department of Corrections (MDOC) reflected that plaintiff Frederickson had never filed a grievance at the MDOC and that plaintiff Bell had not filed a grievance since 2004, some three years prior to the shakedown in July 2007. *See* docket nos. 35-3 and 35-4. The court did not address Officer Aho's exhaustion claim at that time, because he had not been served with plaintiff's complaint. Now that Officer Aho is a party to this action, he is contesting lack of exhaustion on the same grounds as Stahly.

In their response, plaintiffs do not present any evidence to demonstrate exhaustion of administrative remedies against Officer Aho. Rather, plaintiffs raise two cryptic arguments, both of which the court rejects. First, plaintiffs assert that the issuance of "bogus major misconduct tickets" are not grievable. There is no indication in the record that Officer Aho issued "bogus" misconduct tickets. Furthermore, plaintiffs cite no authority that their claims are exempt from the grievance process. Second, plaintiffs assert that their retaliation claim against Officer Aho is not grievable under Policy Directive 03.02.130 F. 2., a provision which prohibits a prisoner from filing grievances arising from a decision of hearing officers from the State Office of Administrative

5

Hearings and Rules. This provision is inapplicable, because plaintiffs are not contesting a hearing officer's decision.

Proper exhaustion requires compliance with the agency's deadlines and other critical procedural rules. *Jones*, 127 S.Ct. at 922-23; *Woodford*, 548 U.S. at 90-91. Here, neither plaintiff properly exhausted a claim against Officer Aho as required under the MDOC Policy Directives. In fact, neither party even filed a Step I grievance against this defendant. Accordingly, Officer Aho's motion for summary judgment (docket no. 96) should be granted.

### IV. Recommendation

For the reasons set forth above, I respectfully recommend that defendant Aho's motion for summary judgment (docket no. 96) be **GRANTED** and this action be dismissed.


Dated: June 22, 2009                             /s/ Hugh W. Brenneman, Jr.
                                                 HUGH W. BRENNEMAN, JR.
                                                 United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).